SAYLOR *v.* TROTTER *et al.*

(*Knoxville.* September Term, 1923.)

Cases cited and approved: State ex rel. Kercheval v. Mayor, etc.,
Nashville, 83 Tenn.. 697; Montague v. Massey, 76 Va., 307; Burch
v. Baxter, 59 Tenn., 603; Galpin v. Chicago, 269 Ill., 27; Collier
v. Montgomery County, 103 Tenn., 705.

FROM KNOX.

Appeal from the Chancery Court, Knox County.—HON.
CHAS. HAYS BROWN, Chancellor.

On petitions for rehearing. Petitions overruled. For
former opinion, see 255 S. W. 590.

SMITH, WORD & ANDERSON, for J. J. Saylor, sheriff.

JOHNSON & COX, for Geo. M. Trotter and others.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

Two strong petitions to rehear have been filed, and
we have given to them the more thorough consideration
inasmuch as the argument was devoted to questions other
than the one upon which the case has been decided.

Many authorities are pressed upon us in these petitions
as being opposed to our conclusions herein. Nearly all
these decisions announce the doctrine that a public officer

is not bound by a promise or agreement to accept less compensation than is provided for him by law. Our own case of *State ex rel. Kercheval v. Mayor, etc., Nashville,* 15 Lea, (83 Tenn.), 697, 54 Am. Rep., 427, is typical of these cases. Having undertaken to distinguish our own case we did not think it necessary to refer to the others. They merely hold that it is against public policy to enforce an agreement whereby an official shall receive less for his services than the law provides. Most of them likewise stress the good faith of the parties.

We should perhaps notice *Montague v. Massey,* 76 Va., 307. In that case it was held that a judge who had accepted the pay provided by a statute was not estopped to question the validity of the statute, because it undertook to reduce the compensation of a judge during his term. To have held otherwise would have been to raise an estoppel in direct conflict with the public policy of the State, as embodied in its Constitution, which declared that the salary of a judge should not be changed during his term. The case is similar to *Burch v. Baxter,* 12 Heisk. (59 Tenn.) 603. Both these cases involved the constitutional independence of the judiciary, and the highest considerations of public welfare demanded the protection of such independence.

*Galpin v. Chicago,* 269 Ill., 27, 109 N. E., 713, L. R. A., 1917B, 176, cannot be reconciled with *Collier v. Montgomery County,* 103 Tenn., 705, 54 S. W., 989, and we feel constrained to follow our own ruling.

The decision of the Illinois court on the question of estoppel is not reasoned, and is based on earlier decisions of that court, which appear to deny that there can arise

any estoppel to question the validity of a public statute. If such be the rule in that jurisdiction, it is opposed to the weight of authority.

There is nothing in *State ex rel. Kercheval* v. *Mayor, etc., Nashville, supra,* which conflicts with the opinion herein. It is true the city council of Nashville had passed an ordinance undertaking to abolish the mayor's salary. The charter of the city, the act of the legislature, however, declared that he should be paid a salary. The ordinance therefore was nothing. It was not presumptively valid for authority for a city ordinance is not presumed, but must be shown. 28 Cyc., 395. The ordinance embodied no authorized policy. So when the candidate for mayor said he would serve without compensation, he made a declaration opposed to the public policy of the State as declared by the act of the legislature, and no estoppel could therefore be predicated upon such promise. In the case before us the policy of the legislature has been indicated by an act held constitutional by two learned chancellors. There is nothing in the Constitution of the State at all hostile to providing salaries for county officers instead of paying them with fees, and the policy indicated by the legislature is entirely authorized. The estoppel raised against complainant is in harmony with that policy. Constitutional objections to the act here under consideration do not go to the merits of the case at all.

We see no lack of mutuality in the estoppel here. By way of illustration, suppose Knox county should undertake to repudiate and seek to recover the allowance made to the complainant for the employment of deputies upon the faith of which he has acted, on the ground that this part of the statute was unconstitutional. Would not the

county be repelled? We think it sufficiently shown in the opinion that the county would be prejudiced, if the complainant were permitted to disregard his previous conduct and promises.

Counsel have undertaken at much length to distinguish the authorities upon which the opinion rested, and to show that they are inapplicable. Of course, no two cases are alike, and able counsel can magnify distinctions. We are satisfied, however, that the principles to be deduced from the authorities upon which we relied entirely justified our conclusions.

The real reason underlying all the cases which have declined to apply an estoppel with reference to his compensation against a public officer is public policy. We think we have shown, in the case before us, that the interest of the public beyond all question cries for an estoppel.

Let the petitions to rehear be overruled.